IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Pye, | No. CV 07-685-TUC-CKJ (HCE) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | |
| Michael J. Astrue, | |
| Defendant. | |

Pending before the Court is Defendant's Amended Motion to Dismiss and Amended Memorandum in Support of Defendant's Motion to Dismiss (Doc.No. 12) (hereinafter "Defendant's Amended Memo.").[1] For the following reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion to Dismiss.

---

[1] Defendant initially filed his Motion to Dismiss on April 7, 2008 (Doc.No. 9). On April 14, 2008, Defendant filed a Motion to Withdraw the April 7, 2008 Motion to Dismiss and requested leave to file an amended motion to dismiss. (Doc. No. 10) Defendant attached to his Motion to Withdraw a proposed Amended Memorandum in Support of Defendant's Motion to Dismiss the Complaint with attached exhibits. (Doc. Nos. 10-2, 10-3, 10-4) On April 16, 2008, the Court granted Defendant's Motion to Withdraw and, because Defendant did not lodge an amended motion or memorandum, the Court also granted Defendant leave until April 23, 2008 to file the Amended Motion and Memorandum (Doc. No.11) On April 21, 2008, Defendant filed the Amended Memorandum in Support of Defendant's Motion to Dismiss (Doc. No. 12) sans exhibits cited therein. The Amended Memorandum was docketed as a pending motion. In an effort to avoid further delay of this matter, and because Plaintiff has not contested the facts recited in the Amended Memorandum (Doc. No. 12), the undersigned Magistrate Judge refers to the exhibits attached to the Proposed Amended Memorandum (Doc. Nos. 10-3, 10-4) to resolve the instant Motion.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, through counsel, has filed the instant action pursuant to 42 U.S.C. 405(g) of the Social Security Act. (Complaint, p.1 (Doc. No.1))

On July 29, 2004, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. (*See* Doc. No. 10-3, p.2; Defendant's Amended Memo., p.1) Thereafter, the Administrative Law Judge ("ALJ") issued an unfavorable decision and Plaintiff sought review by the Appeals Council. (Doc.No. 10-3, p.3; Defendant's Amended Memo., p.1) On March 5, 2007, the Appeals Council remanded the case to the ALJ for further proceedings. (Id.; Doc.No. 10-4, p.5) On August 27, 2007, the ALJ, after remand from the Appeals Council, issued an unfavorable decision. (Doc.No. 10-4) Attached to the ALJ's decision was a notice advising Plaintiff that she had thirty days to submit written exceptions. (Id. at pp. 2-3) Plaintiff was also advised that if she did not file written exceptions within thirty days and if the Appeals Council did not review her case on its own motion within sixty days, then she had "the right to pursue [her] civil action with the court." (Id. at p.3) Defendant concedes[2] that this notice was incorrect and did not apply to Plaintiff.[3] (Defendant's Amended Memo., p. 2, n.1) Instead, the notice should have informed Plaintiff that she could file a request for review with the Appeals Council within sixty days of receiving notice of the ALJ's decision. (Id.(*citing* 20 C.F.R. §§404.967, 404.968, 416.1467, 416.1468)) The Appeals Council would either deny the request for review and allow the ALJ's decision to stand as the final decision of the

---

[2]In addition to including this concession in his Amended Motion, Defendant also submits the Declaration of Rose Ray, Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Doc.No. 10-3) Ms. Ray states that the notice attached to the ALJ's 2007 decision was incorrect. (Id. at p.3)

[3]Such notice applies only to a case that is before the Commissioner on court-ordered remand. (Defendant's Amended Memo., p.2 n.1 (*citing* 20 C.F.R. §§404.984, 416.1484)) "There is no provision, however, that allows the claimant the option to either file written objections or file a civil action when the claimant is requesting review of a decision that did not involve a court ordered remand." (Defendant's Amended Memo, p.2 n.1)

- 2 -

1 Commissioner or the Appeals Council would issue its own decision.  (Id. (*citing* 20 C.F.R.
2 §§ 404.981, 416.1481)) "In either event, the claimant may then seek judicial review of the
3 Commissioner's final decision by filing an action in federal district court within sixty days
4 after receiving notice of the Appeals Council's action.  (Id.)

5 Ms. Ray states that at the time of signing her Declaration (April 14, 2008), she "was
6 not aware of any request for review of the hearing decision having been filed." (Doc.No. 10-
7 3, p.3) Moreover, there is no indication on the record that Plaintiff submitted written
8 exceptions or a request for review to the Appeals Council.  Instead, on December 26, 2007,
9 more than sixty days after the ALJ's August 2007 decision, Plaintiff initiated the instant
10 action.

11 Defendant seeks dismissal for lack of subject matter jurisdiction because Plaintiff has
12 failed to exhaust administrative remedies. Defendant avows that, under the instant
13 circumstances, once the action is dismissed, "the Appeals Council's policy [is] to treat the
14 civil action as a timely filed request for review....Thus, upon dismissal, Plaintiff's civil action
15 will be construed as a request for review.  If the Appeals Council denies Plaintiff's request,
16 Plaintiff will have exhausted her administrative remedies and will then be entitled to file a
17 civil action."  (Defendant's Amended Memo., p.5)

18 Plaintiff maintains that pursuant to the notice attached to the ALJ's August 2007
19 decision, she has exhausted administrative remedies and her case is ripe for judicial review.
20 Alternatively, she requests that if the "Court dismisses her case on the basis that her
21 complaint should be considered a timely request for review, we ask for an order expediting
22 the claim at the Appeals Council level."  (Plaintiff's Response, p. 1) (Doc.No, 13)

23 Defendant did not file a Reply or otherwise address Plaintiff's request for expedited
24 review before the Appeals Council.

25 **II.   DISCUSSION**

26 Title 42 U.S.C. § 405(g) is the exclusive means for judicial review of the
27 Commissioner's determinations regarding disability insurance benefits. *Weinberger v. Salfi,*
28 422 U.S. 749, 857 (1975) (The Social Security Act "prevent[s] review of decisions of the

- 3 -

1 [Commissioner] save as provided in..." section 405(g)).  Section 405(g) sets forth the
2 requirements that must be satisfied for judicial review. *Id.* at 763-764.  Under Section
3 405(g), a civil action may be brought only after (1) the claimant has been party to a hearing
4 held by the Commissioner and (2) the Commissioner has made a final decision on the claim.
5 *See Bass v. Social Security Admin.,* 872 F.2d 832, 833 (9th Cir. 1989).   The applicable
6 regulations require a claimant to complete a four-step administrative review process to obtain
7 a judicially reviewable decision.  20 C.F.R. §§ 404.900, 416.1400; *see also Califano v.*
8 *Sanders,* 430 U.S. 99, 102 (1977) ("The [Social Security] Act and regulations thus create an
9 orderly administrative mechanism, with district court review of the final decision of the
10 [Commissioner]....") The four-step administrative review process culminates with the
11 claimant's request for Appeals Council review of the ALJ's hearing decision and the Appeals
12 Council's decision to either grant or deny review.  20 C.F.R. §§404.981, 416.1481.
13 Thereafter, the claimant may then seek judicial review of the Commissioner's final decision.
14       Defendant argues that the Court lacks subject matter jurisdiction "[b]ecause Plaintiff
15 has not exhausted her administrative remedies...."  (Amended Memo., p.5) Therefore,
16 Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) which governs dismissal when
17 the court lacks subject matter jurisdiction over a claim. The Ninth Circuit has recognized that
18 a final decision from the Commissioner "consists of two elements: the presentment of a claim
19 to the [Commissioner] and the exhaustion of administrative remedies." *Johnson v. Shalala,*
20 2 F.3d 918, 921 (9th Cir. 1993).  While the "presentment requirement" is jurisdictional, the
21 "exhaustion requirement" is not. *Id.* "[T]he failure to exhaust nonjudicial remedies that are
22 not jurisdictional should be treated as a matter in abatement, which is subject to an
23 unenumerated Rule 12(b) motion....In deciding a motion to dismiss for failure to exhaust
24 nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues
25 of fact." *Wyatt v. Terhune,* 315 F.3d 1108, 1119-1120 (9th Cir. 2003) (citations omitted).
26 Thus, to the extent that Defendant moves to dismiss for failure to exhaust administrative
27 remedies, Defendant's Motion is construed as "an unenumerated Rule 12(b) motion..." rather
28

1  than a motion to dismiss pursuant to Rule 12(b)(1).[4] *See Id.* When resolving such a motion,
2  if the district court determines that the plaintiff has failed to exhaust nonjudicial remedies,
3  then the proper remedy is dismissal of the claim without prejudice. *Id.* at 1120.

4  Because "[t]he exhaustion requirement...is not jurisdictional,...[it] is waivable by
5  either the [Commissioner] or the courts." *Johnson,* 2 F.3d at 921 (*citing Matthews v.*
6  *Eldridge,* 424 U.S. 319, 330 (1975)); *see also Salfi,* 422 U.S. at 766-767 (exhaustion may be
7  waived by the Commissioner).  With regard to waiver by the Commissioner, the Supreme
8  Court has recognized that the Commissioner may determine "in particular cases that full
9  exhaustion of internal review procedures is not necessary for a decision to be 'final' within
10  the language of section 405(g)" and/or the Commissioner may stipulate that exhaustion in
11  a particular case may be futile. *Salfi,* 422 U.S. at 767 & n. 10.  Moreover, where the
12  Commissioner "does not raise any challenge to the sufficiency of the allegations of
13  exhaustion in...[the] complaint" the court interprets "this to be a determination by [the
14  Commissioner] that for the purposes of this litigation the...determination" at issue is "final."
15  *Id.* at 767. Herein, the Commissioner has explained that the wrong notice was incorrectly
16  attached to the ALJ's 2007 decision in place of the notice applicable to cases, like Plaintiff's,
17  that are not before the Commissioner on court-ordered remand.  (*See* Amended Memo., p.
18  2 n.1; Doc. No. 10-3 (Declaration of Ms. Ray that the notice attached to the August 2007
19  decision was " an incorrect cover notice...")) The regulations governing cases before the
20  Commissioner that do not involve court-ordered remand supports Defendant's position as
21  does the fact that Defendant raised a challenge to the sufficiency of exhaustion in this action
22  in a timely fashion.

---

[4] Construing Defendant's Motion as an unenumerated Rule 12(b) motion rather than a Rule 12(b)(1) motion does not affect this Court's review of the record given that in resolving both types of motions, the Court may look beyond the pleadings. *See Wyatt,* 315 F.3d at 1119-1120; *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).

With regard to waiver by district courts, the Ninth Circuit applies "a three-part test 'to determine whether a particular case merits judicial waiver of the exhaustion requirement.'...The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson,* 2 F.3d at 921 (*quoting Briggs v. Sullivan,* 886 F.2d 1132, 1139 (9th Cir. 1989) (other citations omitted). On this record, Plaintiff has not satisfied the three-part test. Her claim is not collateral to her substantive claim of entitlement, but instead directly concerns her substantive claim. Nor has she claimed irreparable harm; however, the Court notes that Plaintiff was granted *in forma pauperis* status (*See* Doc.No.2) and the Court is mindful that economic hardship suffered by plaintiffs while awaiting administrative review can constitute irreparable injury. *See Johnson,* 2 F.3d at 922. Finally, Plaintiff has not shown that administrative proceedings would be futile for her claim. Instead, upon dismissal by this Court, "Plaintiff's civil action will be construed as a request for review." (Defendant's Amended Memo., p.5) Under such circumstances, district-court waiver of the administrative exhaustion requirement is not warranted.

## III.   CONCLUSION

Because Plaintiff is not eligible for waiver of the exhaustion requirement, dismissal of this action without prejudice is appropriate. Defendant has represented to the Court that "upon dismissal, Plaintiff's civil action will be construed as a request for review. If the Appeals Council denies Plaintiff's request, Plaintiff will have exhausted her administrative remedies and will then be entitled to file a civil action." (Defendant's Amended Memo., p.5) Because Defendant has not objected to Plaintiff's request for expedited review at the Appeals Council level should this matter be dismissed, the Court should direct Defendant to expedite such review.

**IV.    RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion to Dismiss (Doc.No.12), dismiss this action without prejudice, and direct expedited review at the Appeals Council level.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: CV 07-685-TUC-CKJ.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 20th day of February, 2009.

_____
Héctor C. Estrada
United States Magistrate Judge